# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00437-CR

### In re Kirk Wayne McBride

**FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
NO. CR95-129, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

Kirk Wayne McBride filed a pro se motion for forensic DNA testing of biological evidence.[1] Tex. Code Crim. Proc. Ann. art. 64.01(a) (West Supp. 2002). The motion was denied by the district court four days after it was filed. McBride contends the court erred by denying the motion without requiring a response from the State and without a hearing. He further contends that his motion and supporting affidavit were alone sufficient to require the court to order DNA testing. We will affirm the district court's order.

Upon receipt of a motion for DNA testing, the court must provide a copy of the motion to the prosecuting attorney, who in turn must either "deliver the evidence to the court" or explain why this cannot be done. *Id*. art. 64.02. The record before us does not reflect compliance with article 64.02. In its brief, the State recites that it was notified of McBride's motion and affirms that numerous exhibits possibly containing biological evidence are in its possession. Under the

---

[1]  McBride did not request counsel. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2002).

circumstances, we perceive no harm to McBride in the State's failure to formally respond to his motion.

The court "shall order that the requested forensic DNA testing be conducted" if two conditions are met. *Id*. art. 64.03(c). First, the court must find (1) that testable biological evidence still exists and has not been altered or tampered with, and (2) that identity was or is an issue in the case. *Id*. art. 64.03(a)(1)(A), (B). Second, the applicant must establish by a preponderance of the evidence (1) that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing, and (2) that the request for testing is not made to unreasonably delay the execution of sentence or administration of justice. *Id*. art. 64.03(a)(2)(A), (B). Article 64.03 does not expressly require the court to conduct a hearing before determining whether to order DNA testing.[2]

In his motion, McBride conceded that DNA testing was performed prior to his trial and that the results incriminated him, but he asserted that there was reason to doubt the accuracy of the tests and that improved testing procedures have since been developed.[3] *See id*. art. 64.01(b)(2). The motion also conceded that the complainant identified him at trial as the man who sexually assaulted her. In this Court's opinion affirming McBride's conviction for aggravated sexual assault, we noted that he met the complainant at a party and that he repeatedly assaulted her over a period

---

[2] The court is required to conduct a hearing *after* obtaining the results of ordered DNA tests to determine if the results are favorable to the applicant. Tex. Code Crim. Proc. Ann. art. 64.04 (West Supp. 2002).

[3] In his supporting affidavit, McBride stated that the DNA tests were performed by a Bexar County forensic serologist who was later shown to have falsified results in other cases. According to the State's brief, no DNA test results were introduced in evidence at McBride's trial.

2

of several hours. *McBride v. State*, No. 03-95-00596-CR (Tex. App.—Austin Mar. 20, 1997, pet. ref'd) (not designated for publication). There was no issue on appeal regarding the sufficiency of the evidence to prove McBride's identity as the assailant.

The affidavit accompanying McBride's motion for testing did not assert any facts supporting his assertion that identity was or is an issue. Furthermore, McBride's affidavit did not contain any statement of fact tending to show that he would not have been prosecuted or convicted if DNA test results favorable to him had been obtained prior to his trial. Absent any factual allegations that, if true, would support the finding required by article 64.03(a)(1)(B) and the showing required by article 64.03(a)(2)(A), it cannot be said that the district court erred by failing to conduct a hearing on McBride's motion or in failing to order testing pursuant to article 64.03(c).

For the reasons stated, we conclude that the issues raised by McBride do not call into question the propriety of the district court's order. Accordingly, the order is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   March 14, 2002

Publish

3