Nate Juarez v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-297-CR

NATE JUAREZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Nate Juarez entered an open plea of guilty to aggravated sexual assault of a child under seventeen years of age, pled true to a repeat offender notice, and was sentenced to thirty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In two points, Appellant complains that the trial court erred in summarily denying his request for post-conviction forensic DNA testing without issuing specific findings of fact.  Because we hold that the trial court made implicit findings that support the denial, we affirm the trial court’s order.

A post-conviction motion for DNA testing “must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion.”
(footnote: 2)  Upon its receipt of a valid post-conviction motion for forensic DNA testing, a trial court must order the testing only if two conditions

are met:

First, the court must find (1) that testable biological evidence still exists and has not been altered or tampered with, and (2) that identity was or is an issue in the case.  Second, the applicant must establish by a preponderance of the evidence (1) that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing, and (2) that the request for testing is not made to unreasonably delay the execution of sentence or administration of justice.
(footnote: 3)
When a trial court denies a motion for post-conviction DNA testing without issuing express findings, the trial court implicitly finds that the requirements of article 64.03 have not been satisfied.
(footnote: 4)
 Appellant filed both an original and an amended motion for DNA testing under Chapter 64.  In the original motion, the only evidence he mentioned specifically was evidence taken from him while he was incarcerated–sperm and blood, not evidence related to the offense.  In the amended motion, he did not specify any evidence.  Neither motion was accompanied by an affidavit containing statements of fact supporting the motion.  Appellant therefore failed to meet the requirements of article 64.01.
(footnote: 5)
 While Appellant’s motion asked for DNA testing of unnamed evidence, the State’s response, including affidavits from the complainant and a Cook Children’s Medical Center employee, indicates that the physical examination of the complainant occurred almost a month after the alleged incident of sexual abuse and that no evidence containing biological material was collected from her.  The record does not indicate that either party requested express findings of fact.  Accordingly, the trial court properly and implicitly found that no evidence exists to be tested.
(footnote: 6)  Consequently, the trial court also properly and implicitly found that Appellant did not meet his burden of showing by a preponderance of evidence that “a reasonable probability exists that exculpatory DNA tests will prove [his] innocence.”
(footnote: 7)  As the Texas Court of Criminal Appeals has held, “A trial court is never required to grant a convicted person’s request for testing absent such a showing.”
(footnote: 8)
 Because Appellant failed to comply with article 64.01 and failed to meet his evidentiary burden under article 64.03, the trial court’s denial of Appellant’s motion for DNA testing was proper.  We therefore overrule Appellant’s points and affirm the trial court’s order.

PER CURIAM

PANEL F: DAUPHINOT, DAY, and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 64.01(a) (Vernon Supp. 2003).

3:
In re McBride
, 
82 S.W.3d 395, 396-97 (Tex. App.—Austin 2002, no pet.) (citation omitted); 
see
 Tex. Code Crim. Proc. Ann.
 art. 64.03(a).

4:
See Cravin v. State
, 95 S.W.3d 506, 508 (Tex. App.—Houston [1
st
 Dist.] 2002, pet. ref’d).

5:
See 
Tex. Code Crim. Proc. Ann. 
art. 64.01; 
Dinkins v. State
, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).

6:
See
 Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1)(A)(i); 
Cravin
, 95 S.W.3d at 508.

7:
Kutzner v. State
, 75 S.W.3d 427, 438 (Tex. Crim. App. 2002); 
see
 Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(2)(A).

8:
Dinkins
, 84 S.W.3d at 643.