COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-297-CR
 
NATE JUAREZ                                                              
            
APPELLANT
V.
THE STATE OF TEXAS                                                              
     STATE
------------
FROM THE 297
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Nate Juarez entered an open plea
of guilty to aggravated sexual assault of a child under seventeen years of age,
pled true to a repeat offender notice, and was sentenced to thirty years'
confinement in the Institutional Division of the Texas Department of Criminal
Justice. In two points, Appellant complains that the trial court erred in
summarily denying his request for post-conviction forensic DNA testing without
issuing specific findings of fact. Because we hold that the trial court made
implicit findings that support the denial, we affirm the trial court's order.
A post-conviction motion for DNA testing
"must be accompanied by an affidavit, sworn to by the convicted person,
containing statements of fact in support of the motion."(2)
Upon its receipt of a valid post-conviction motion for forensic DNA testing, a
trial court must order the testing only if two conditions are met:

        
 First, the court must find (1) that testable biological evidence still exists
 and has not been altered or tampered with, and (2) that identity was or is an
 issue in the case. Second, the applicant must establish by a preponderance of
 the evidence (1) that a reasonable probability exists that he would not have
 been prosecuted or convicted if exculpatory results had been obtained through
 DNA testing, and (2) that the request for testing is not made to unreasonably
 delay the execution of sentence or administration of justice.(3)

When a trial court denies a motion for post-conviction DNA testing
without issuing express findings, the trial court implicitly finds that the
requirements of article 64.03 have not been satisfied.(4)
Appellant filed both an original and an amended motion for DNA testing
under Chapter 64. In the original motion, the only evidence he mentioned
specifically was evidence taken from him while he was incarcerated-sperm and
blood, not evidence related to the offense. In the amended motion, he did not
specify any evidence. Neither motion was accompanied by an affidavit containing
statements of fact supporting the motion. Appellant therefore failed to meet the
requirements of article 64.01.(5)
While Appellant's motion asked for DNA testing of unnamed evidence, the
State's response, including affidavits from the complainant and a Cook
Children's Medical Center employee, indicates that the physical examination of
the complainant occurred almost a month after the alleged incident of sexual
abuse and that no evidence containing biological material was collected from
her. The record does not indicate that either party requested express findings
of fact. Accordingly, the trial court properly and implicitly found that no
evidence exists to be tested.(6) Consequently,
the trial court also properly and implicitly found that Appellant did not meet
his burden of showing by a preponderance of evidence that "a reasonable
probability exists that exculpatory DNA tests will prove [his] innocence."(7)
As the Texas Court of Criminal Appeals has held, "A trial court is never
required to grant a convicted person's request for testing absent such a
showing."(8)
Because Appellant failed to comply with article 64.01 and failed to
meet his evidentiary burden under article 64.03, the trial court's denial of
Appellant's motion for DNA testing was proper. We therefore overrule Appellant's
points and affirm the trial court's order.
 
                                                             
        
PER CURIAM
 
PANEL F: DAUPHINOT, DAY, and LIVINGSTON, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 27, 2003

1. See Tex. R. App. P. 47.4.
2. Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp.
2003).
3. In re McBride,
82 S.W.3d 395, 396-97 (Tex. App.--Austin
2002, no pet.) (citation omitted); see
Tex. Code Crim. Proc. Ann. art. 64.03(a).
4. See Cravin v. State, 95 S.W.3d
506, 508 (Tex. App.--Houston [1st Dist.] 2002, pet.
ref'd).
5. See Tex. Code Crim. Proc. Ann.
art. 64.01; Dinkins v. State, 84 S.W.3d 639, 642 (Tex.
Crim. App. 2002).
6. See Tex. Code Crim. Proc. Ann.
art. 64.03(a)(1)(A)(i); Cravin, 95 S.W.3d at 508.
7. Kutzner v. State, 75 S.W.3d 427,
438 (Tex. Crim. App. 2002); see Tex. Code Crim. Proc. Ann.
art. 64.03(a)(2)(A).
8. Dinkins, 84 S.W.3d at 643.