Opinion issued November 26, 2003 















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01111-CR




GEORGE DENNIS IVEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
 Harris County, Texas
Trial Court Cause No. 763759




MEMORANDUM OPINION

           Appellant, George Dennis Ivey, pleaded guilty to indecency with a child. The
trial court assessed punishment at 10 years in prison. Appellant did not directly
appeal the trial court’s judgment, but, four years later, he filed a motion for DNA
testing. The trial court held a hearing on the motion, accepted the State’s findings of
fact and conclusions of law, and denied appellant’s request for DNA testing. In four
points of error, appellant asserts (1) that his indictment was improperly enhanced by
a misdemeanor, (2) that his indictment was improperly enhanced by an offense over
35 years old, (3) that there was insufficient evidence to sustain the conviction, and (4)
that his motion for post-conviction DNA testing was improperly denied. 
          We do not address the merits of appellant’s first, second, and third complaints
because they may be appealed only directly. See Watson v. State, 96 S.W.3d 497, 500
(Tex. App.—Amarillo 2002, pet. ref’d) (holding that appeal from denial of Chapter
64 motion is limited to findings of lower court under articles 64.03 or 64.04 in non-capital case). Thus, we must overrule appellant’s first, second, and third points of
error. We determine only whether the trial court erred in denying appellant’s motion
for post-conviction DNA testing. We affirm.Facts
          On April 8, 1998, appellant was convicted, pursuant to a negotiated plea
bargain, of indecency with a child. The trial court assessed punishment at 10 years
in prison. Appellant did not directly appeal his conviction; however, he did file a
motion for post-conviction DNA testing. After an evidentiary hearing, the trial court
denied appellant’s motion and adopted the State’s proposed findings of fact and
conclusions of law. The trial court found that no items of evidence were in the
possession of the Harris County District Clerk, the property and evidence custodians
of the Pasadena Police Department (PPD), or the PPD crime laboratory. The trial
court also found that appellant did not show that any evidence still existed in testable
condition. Therefore, the trial court concluded that appellant failed to meet his
burden to prove that exculpatory DNA test results would have proven his innocence. 
Anders Brief

          Appellant’s counsel has filed a motion to withdraw from appellant’s
representation on appeal, stating her conclusion that a thorough and complete review
of the record has revealed no arguable grounds of error. The brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record and stating why counsel believes
that there are no arguable grounds of error on appeal. See Gainous v. State, 436
S.W.2d 137, 137-38 (Tex. Crim. App. 1969). 
          Counsel advised appellant of her evaluation and informed him of his right to
file a pro se response. Appellant has filed a response.
 
 
DNA Testing
          In his fourth point of error, appellant contends that the trial court erred in
denying his motion for post-conviction DNA testing. A convicting court may order
forensic DNA testing if, among other criteria, (1) testable evidence still exists and has
not been substituted, tampered with, replaced, or altered in any material respect and
(2) identity was or is at issue. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1) (Vernon
Supp. 2004); In re McBride, 82 S.W.3d 395, 396-97 (Tex. App.—Austin 2002, no
pet.). 
          Whether potentially exculpatory DNA evidence exists and is in testable
condition is a determination of historical fact, which we review for an abuse of
discretion. See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). When 
asserting that potentially exculpatory DNA evidence exists, a defendant must also
clearly indicate what evidence should be tested. See Dinkins v. State, 84 S.W.3d 639,
642 (Tex. Crim. App. 2002). A trial court does not abuse its discretion in finding that
no such testable evidence exists when admitted records from appropriate officials,
such as court clerks or police custodians of property or evidence, show that no
biological evidence relating to a particular case exists. See Cravin v. State, 95
S.W.3d 506, 511 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). 
          Appellant asserts that “some type of evidence” must have been taken when the
complainant was examined by a doctor at Children’s Protective Services. Appellant
asserts that, if that evidence were compared to his own DNA, the comparison would
show that he did not molest the complainant. However, appellant has failed to
indicate what evidence should be tested. Furthermore, the State has proffered the
affidavits of the Harris County Exhibits Clerk, the PPD property and evidence
custodians, and a PPD crime laboratory custodian to show that those agencies possess
no biological evidence from appellant’s underlying case. Therefore, the trial court
did not abuse its discretion in concluding that no testable evidence existed. See id. 
We hold that the trial court did not abuse its discretion in denying appellant’s motion
for DNA testing.
          We overrule appellant’s fourth point of error.
 
 
 
 
 
 
 
 
 
 
Conclusion 
          We affirm the trial court’s order denying appellant’s motion for post-conviction
DNA testing.
          We grant appellate counsel’s motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We note that
counsel still has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the Court
of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).

 
 
Tim Taft
Justice
Panel consists of Justices Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).