Joel Lee Violet v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-061-CR

JOEL LEE VIOLET APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Joel Lee Violet was convicted by a jury of aggravated sexual assault of a child under fourteen years of age and sentenced to forty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In one point, Appellant complains that the trial court erred in denying his request for post-conviction forensic DNA testing without requiring the State to account for potential evidence under article 64.02 of the Texas Code of Criminal Procedure.
(footnote: 2)  Because we hold that the State did properly account for the evidence, we affirm the trial court’s order.

Section two of article 64.02 requires the State to deliver the evidence described in an appellant’s motion for DNA testing to the trial court or to explain in writing to the court why it cannot.
(footnote: 3)  Upon its receipt of a valid post-conviction motion for forensic DNA testing, a trial court must order the testing only if two conditions are met:

First, the court must find (1) that testable biological evidence still exists and has not been altered or tampered with, and (2) that identity was or is an issue in the case.  Second, the applicant must establish by a preponderance of the evidence (1) that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing, and (2) that the request for testing is not made to unreasonably delay the execution of sentence or administration of justice.
(footnote: 4)
 Specifically, Appellant argues that the State’s response indicated that Appellant ejaculated on the bed during the commission of the offense but did not account for the bedding as a piece of evidence subject to DNA testing. Our review of Appellant’s motion and appendix shows that the same excerpt of testimony discussing the crime scene was attached to his motion as well, but Appellant did not specifically mention that evidence in the motion or his affidavit.  Instead, Appellant’s affidavit indicated that his focus was on the medical evidence provided and/or examined by three doctors.

The State’s response included a medical report from Arlington Children’s Medical Center and an affidavit from Kevin Gregory of the White Settlement Police Department, the agency which investigated the case.  The response, medical report, and affidavit, taken together, indicate that the physical examination of the complainant occurred more than five weeks after the alleged offense and that no evidence containing biological material was collected.  Accordingly, the State did properly account for the bedding on which the offense allegedly occurred.  The trial court therefore properly and implicitly found that no evidence exists to be tested.
(footnote: 5)  Consequently, the trial court’s denial of Appellant’s motion for DNA testing was proper.  We overrule Appellant’s point and affirm the trial court’s order.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 26, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 64.02 (Vernon Supp. 2004).

3:
Id. 
art. 64.02, § (2).

4:
In re McBride
, 
82 S.W.3d 395, 396-97 (Tex. App.—Austin 2002, no pet.) (citation omitted); 
see
 Tex. Code Crim. Proc. Ann.
 art. 64.03(a).

5:
See
 Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1)(A)(i); 
Cravin v. State
, 95 S.W.3d 506, 508 (Tex. App.—Houston [1
st
 Dist.] 2002, pet. ref’d).