COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-061-CR
   
   
JOEL 
LEE VIOLET                                                                  APPELLANT
   
V.
    
THE 
STATE OF TEXAS                                                                  STATE
    
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Joel Lee Violet was convicted by a jury of aggravated sexual assault of a child 
under fourteen years of age and sentenced to forty-five years’ confinement in 
the Institutional Division of the Texas Department of Criminal Justice. In one 
point, Appellant complains that the trial court erred in denying his request for 
post-conviction forensic DNA testing without requiring the State to account for 
potential evidence under article 64.02 of the Texas Code of Criminal Procedure.[2]  Because we hold that the State did properly 
account for the evidence, we affirm the trial court’s order.
        Section 
two of article 64.02 requires the State to deliver the evidence described in an 
appellant’s motion for DNA testing to the trial court or to explain in writing 
to the court why it cannot.[3]  Upon its receipt 
of a valid post-conviction motion for forensic DNA testing, a trial court must 
order the testing only if two conditions are met:
First, 
the court must find (1) that testable biological evidence still exists and has 
not been altered or tampered with, and (2) that identity was or is an issue in 
the case. Second, the applicant must establish by a preponderance of the 
evidence (1) that a reasonable probability exists that he would not have been 
prosecuted or convicted if exculpatory results had been obtained through DNA 
testing, and (2) that the request for testing is not made to unreasonably delay 
the execution of sentence or administration of justice.[4]
        Specifically, 
Appellant argues that the State’s response indicated that Appellant ejaculated 
on the bed during the commission of the offense but did not account for the 
bedding as a piece of evidence subject to DNA testing.
        Our 
review of Appellant’s motion and appendix shows that the same excerpt of 
testimony discussing the crime scene was attached to his motion as well, but 
Appellant did not specifically mention that evidence in the motion or his 
affidavit. Instead, Appellant’s affidavit indicated that his focus was on the 
medical evidence provided and/or examined by three doctors.
        The 
State’s response included a medical report from Arlington Children’s Medical 
Center and an affidavit from Kevin Gregory of the White Settlement Police 
Department, the agency which investigated the case. The response, medical 
report, and affidavit, taken together, indicate that the physical examination of 
the complainant occurred more than five weeks after the alleged offense and that 
no evidence containing biological material was collected. Accordingly, the State 
did properly account for the bedding on which the offense allegedly occurred. 
The trial court therefore properly and implicitly found that no evidence exists 
to be tested.[5]  Consequently, the trial 
court’s denial of Appellant’s motion for DNA testing was proper. We overrule 
Appellant’s point and affirm the trial court’s order.

 
                                                                  PER 
CURIAM
 
 
PANEL F:   DAUPHINOT, 
LIVINGSTON, and HOLMAN, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
November 26, 2003
 

NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Tex. Code Crim. Proc. Ann. art. 64.02 (Vernon Supp. 2004).
3. 
Id. art. 64.02, § (2).
4. 
In re McBride, 82 S.W.3d 395, 396-97 (Tex. App.—Austin 2002, no pet.) 
(citation omitted); see Tex. Code Crim. Proc. Ann. art. 64.03(a).
5. 
See Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i); Cravin v. 
State, 95 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2002, 
pet. ref’d).