Forest Jerome GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–02–00221–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 4, 2002.

Alwin E. Pape, Jr., Pape & Dwyer, L.L.P., Seguin, for appellant.

W.C. Kirkendall, District Attorney, Frank Follis, Assistant District Attorney, Seguin, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by: ALMA L. LÓPEZ, Justice.

Forest Jerome Green ("Green") appeals the trial court's order denying his motion for forensic DNA testing under chapter 64 of the Texas Code of Criminal Procedure. Green contends that the trial court erred in finding that identity was and is not an issue in the case. We affirm the trial court's order.

We review the trial court's decision under a bifurcated standard of review: "we afford almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review *de novo* other application-of-law-to-fact issues." *Rivera v. State,* 89 S.W.3d 55, 59 (Tex.Crim. App.,2002). Article 64.03(a) only permits a trial court to order DNA testing if the court finds that identity was or is an issue in the case. TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (Vernon Supp.2002). In this case, the trial court expressly found that identity was not and is not an issue in the case. During Green's trial, his defense counsel stated before the jury that Green was not disputing that he was present at the location where the offense allegedly occurred. In our opinion addressing Green's appeal of his conviction, we noted, "Even appellant admits in his brief that he 'had sex with the complainant without her consent.'" *Green v. State,* No. 04–94–00125–CR, slip op. at 5 (Tex.App.-San Antonio July 5, 1995, pet. ref'd) (not designat-

ed for publication). We further noted that the only contention raised by Green with regard to the sufficiency of the evidence was whether the victim was in fear of imminent death or serious bodily injury. *Id.*, slip op. at 2, 5. Green did not raise any issue on appeal regarding the sufficiency of the evidence to prove his identity as the assailant, and Green did not assert any facts supporting his assertion that identity is or was an issue in an affidavit accompanying his motion for testing. Accordingly, the trial court did not err in denying Green's motion for DNA testing. *See In re McBride*, 82 S.W.3d 395, 397 (Tex.App.-Austin 2002, no pet.) (affirming denial of motion for DNA testing where identity not raised as issue on appeal and affidavit accompanying motion did not assert facts supporting contention that identity was or is an issue). The trial court's order is affirmed.