MEMORANDUM OPINION




No. 04-02-00834-CR



Roy L. SMITHWICK, Jr.,


Appellant



v.



The STATE of Texas,


Appellee



From the 49th Judicial District Court, Webb County, Texas


Trial Court No. 1992-CRA-000041-D1


Honorable Manuel R. Flores, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: August 27, 2003


AFFIRMED

 Roy L. Smithwick, Jr. ("Smithwick") appeals the denial of his post-conviction motion for
forensic DNA testing. Smithwick contends the trial court erred because the State did not file a
written response to his motion as required under Chapter 64 of the Texas Code of Criminal
Procedure. We overrule Smithwick's sole issue on appeal and affirm the trial court's order.


Background

 In June 1992, Smithwick was convicted by a jury for the murder of his parents, and sentenced
to two life sentences. His direct appeal was affirmed and several applications for writ of habeas
corpus were denied. On August 6, 2002, Smithwick filed a motion for forensic DNA testing
supported by his own affidavit. In his written motion, Smithwick argued that a blood splatter on a
shirt worn by him at the time of the murders needed to be retested because Fred Zain, the State's
original analyst, had been "found to falsify testimony and evidence in countless cases." On this basis,
Smithwick sought retesting of the blood stain arguing "(i)f the blood stain found on the shirt is tested
and found not to be the blood of (his mother), then the State's case would be seriously damaged . .
. ." The State did not file a written response to the motion. A hearing before the trial court was held
on October 3, 2002. 

 At the hearing, the State informed the trial court that the District Attorney's office possessed
the shirt, but that "a chunk of the shirt was cut out for testing," and that the State did not "know
where the chunk [was]." The trial court denied Smithwick's motion and filed findings of fact and
conclusions of law. Specifically, the trial court found that: (1) the evidence for testing no longer
exists and therefore could not be tested for DNA analysis, and (2) no issue of identity of the
defendant presently exists or existed at the time of the trial. Smithwick filed an appeal to this court.

Analysis

 We review the trial court's decision under a bifurcated standard of review. Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Under this standard, we review with almost total
deference the trial court's determination of historical facts and application-of-law-to-fact issues that
turn on credibility and demeanor such as whether the claimed DNA evidence exists and is in a
condition to be tested. Id. By contrast, under the bifurcated standard of review, we review de novo
other application-of-law-to-fact issues that do not turn on credibility and demeanor such as the
ultimate question of whether a reasonable probability exists that the exculpatory DNA tests would
prove innocence. Id.

 Upon receipt of a motion for DNA testing, the trial court must provide a copy of the motion
to the attorney representing the state, who in turn must either deliver the evidence to the court or
explain in writing to the court why this cannot be done. See Tex. Code Crim. Proc. Ann. art.
64.02(2) (Vernon Supp. 2003). On appeal, the State concedes that it did not file a written response
as required by article 64.02. The State contends, however, that Smithwick has not been harmed by
the omission. We agree. 

 To obtain DNA testing under Chapter 64, several requirements must be met. Tex. Code
Crim. Proc. Ann. § 64.03 (a)(Vernon Supp. 2003). The first requirement relevant to our review is
whether the evidence "still exists and is in a condition that DNA testing is possible." Id. at
64.03(a)(1)(A)(i). In making this determination, the trial court is not expressly required to conduct
a hearing. Rivera, 89 S.W.3d at 58-59. The trial court can simply rule based on the movant's motion
and supporting affidavit. Id. at 59; see also In re McBride, 82 S.W.3d 395, 396-97 (Tex. App.--
Austin 2002, orig. proceeding). Here, Smithwick alleged, through his motion and affidavit, that the
State was in possession of the blood-splattered shirt. Although not required, the trial court then
provided Smithwick a hearing to consider his request. At that hearing, the State informed the trial
court and Smithwick, through his counsel, that it no longer possessed the blood-stained shirt.
Consequently, the State provided Smithwick the same information at the hearing it would have
provided him in a written response. Furthermore, at the hearing, Smithwick did not controvert these
assertions. As a result, the trial court found that evidence for testing no longer existed, and we must
defer to the trial court's determination. See Rivera, 89 S.W.2d at 59. Accordingly, under these
circumstances, we conclude Smithwick was not harmed as a result of the State's failure to file a
written response.

 Smithwick also contends that because of the State's failure to file a written response, he was
deprived of an evidentiary hearing at which he could have shown that identity was an issue in his case.
As noted above, nothing in Article 64.03 requires a hearing of any sort on the trial court's
determination of whether a defendant is entitled to DNA testing. See Rivera, 89 S.W.3d at 58-59.
Therefore, Smithwick was not deprived of a hearing to which he was entitled under article 64.03.
 A convicting court may only order DNA testing if it determines that identity was or is an issue
in the case. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B) (Vernon Supp. 2003). At trial, the
theory of the State and Smithwick was that the blood on the shirt was from Smithwick's mother. See
Smithwick v. State, No. 04-92-00520-CR, 1995 WL 540279, at *8 (Tex. App.--San Antonio 1995,
no pet.) (not designated for publication). The parties' theories only differed on how the shirt became
blood-stained -- by a splatter or by transfer. Id. In addition, in his motion for DNA testing and
supporting affidavit, Smithwick does not assert any facts to support his assertion that identity was
or is an issue in the case. See Green v. State, 100 S.W.3d 344, 345 (Tex. App.--San Antonio 2002,
pet. ref'd.). Accordingly, we conclude the trial court did not err in denying Smithwick's motion for
DNA testing on the basis that evidence no longer exists and identity is not or was not an issue in the
case. We overrule Smithwick's sole issue and affirm the trial court's order. 


 Phylis J. Speedlin, Justice

DO NOT PUBLISH