ARROYO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-218-CR

LUIS ARROYO, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On January 14, 1997, Appellant Luis Arroyo, Jr., was convicted of capital murder and sentenced to confinement for life.  This court affirmed Appellant’s conviction on February 26, 1998.
(footnote: 2)  Appellant filed a motion for post-conviction forensic DNA testing on June 10, 2003, which the trial court denied.  The trial court entered findings of fact and conclusions of law, which stated in pertinent part:

FINDINGS OF FACT

1. Defendant admits that he engaged in sexual intercourse with the victim.  

2. Prior DNA testing showed that Defendant engaged in sexual intercourse with the victim. 

3. Defendant confessed to stabbing the victim.

4. Defendant knew where the murder weapon was located.

CONCLUSIONS OF LAW

1. The trial court may order DNA testing if it finds, among other things, that identity was or is an issue in the case.  Tex. Crim. Proc. art. 64.03(a)(B). 

2. Identity is not at issue in this case.

3. Identity was not at issue in this case.

4. Defendant is not entitled to DNA testing. 

5. The Court 
DENIES 
Defendant’s motion for DNA testing.

In one point, Appellant argues that the trial court may have considered his guilty plea in denying the DNA testing request, which Appellant contends is improper if identity was an issue in the case.  
See 
Tex. Code Crim. Proc. Ann
. art. 64.03(b) (Vernon Supp. 2004-05) (prohibiting convicting court from finding that identity was not at issue 
solely 
on basis of guilty plea).  

In reviewing a trial court’s decision on a DNA request, we employ a bifurcated standard of review.  We afford almost total deference to a trial court’s determination of issues of historical fact and application of law to fact issues that turn on credibility and demeanor while reviewing de novo other applications of law to fact issues.  
See Whitaker v. State
, No. 74612, 2004 WL 63981, at *2-3 (Tex. Crim. App. Jan. 14, 2004); 
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), 
cert. denied
, 124 S. Ct. 27 (2003).

Chapter 64 of the Texas Code of Criminal Procedure prohibits the trial court “from finding that identity was not an issue in the case solely on the basis of” a plea of guilt.  
Tex. Code Crim. Proc. Ann
. art. 64.03(b).  This provision, however, does not apply a defendant’s confessions.  
See Bell v. State
, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002).  The Texas Court of Criminal Appeals has held that identity is not an issue when a defendant confesses to committing the crime.  
Id
. (stating “Appellant confessed to the murder.  His identity was not at issue.”).  In addition, identity is not an issue when a defendant has admitted that he was with the victim at the time of the alleged assault.  
See Morris v. State
, 110 S.W.3d 100, 103 (Tex. App.—Eastland 2003, pet. ref’d).  Appellant admits that he had sexual intercourse with the victim and that he stabbed her. Therefore, identity was not an issue in this case, and the trial court did not err in denying the DNA testing request.  
See Morris
, 110 S.W.3d at 103; 
Green v. State
, 100 S.W.3d 344, 344-45 (Tex. App.—San Antonio 2002, pet. ref’d).  We overrule Appellant’s sole point and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J., and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  September 2, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Arroyo v. State
, No. 02-97-00218-CR (Tex. App.—Fort Worth Feb. 26, 1998, pet. ref’d) (not designated for publication).