COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-218-CR
 
 
LUIS ARROYO, JR.                                                                APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM THE 371ST DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
January 14, 1997, Appellant Luis Arroyo, Jr., was convicted of capital murder 
and sentenced to confinement for life. This court affirmed Appellant’s 
conviction on February 26, 1998.[2]  Appellant 
filed a motion for post-conviction forensic DNA testing on June 10, 2003, which 
the trial court denied.  The trial court entered findings of fact and 
conclusions of law, which stated in pertinent part:
 
FINDINGS OF FACT
        1.     Defendant 
admits that he engaged in sexual intercourse with the victim.
 
        2.     Prior 
DNA testing showed that Defendant engaged in sexual intercourse with the victim.
 
        3.     Defendant 
confessed to stabbing the victim.
 
        4.     Defendant 
knew where the murder weapon was located.
 
CONCLUSIONS OF LAW
 
        1.     The 
trial court may order DNA testing if it finds, among other things, that identity 
was or is an issue in the case. Tex. Crim. Proc. art. 64.03(a)(B).
 
        2.     Identity 
is not at issue in this case.
 
        3.     Identity 
was not at issue in this case.
 
        4.     Defendant 
is not entitled to DNA testing.
 
        5.     The 
Court DENIES Defendant’s motion for DNA 
testing.
 
In 
one point, Appellant argues that the trial court may have considered his guilty 
plea in denying the DNA testing request, which Appellant contends is improper if 
identity was an issue in the case. See Tex. Code Crim. Proc. Ann. art. 64.03(b) 
(Vernon Supp. 2004-05) (prohibiting convicting court from finding that identity 
was not at issue solely on basis of guilty plea).
        In 
reviewing a trial court’s decision on a DNA request, we employ a bifurcated 
standard of review.  We afford almost total deference to a trial court’s 
determination of issues of historical fact and application of law to fact issues 
that turn on credibility and demeanor while reviewing de novo other applications 
of law to fact issues.  See Whitaker v. State, No. 74612, 2004 WL 
63981, at *2-3 (Tex. Crim. App. Jan. 14, 2004); Rivera v. State, 89 
S.W.3d 55, 59 (Tex. Crim. App. 2002), cert. denied, 124 S. Ct. 27 (2003).
        Chapter 
64 of the Texas Code of Criminal Procedure prohibits the trial court “from 
finding that identity was not an issue in the case solely on the basis of” a 
plea of guilt.  Tex. Code Crim. 
Proc. Ann. art. 64.03(b).  This provision, however, does not apply a 
defendant’s confessions.  See Bell v. State, 90 S.W.3d 301, 308 
(Tex. Crim. App. 2002).  The Texas Court of Criminal Appeals has held that 
identity is not an issue when a defendant confesses to committing the crime.  
Id. (stating “Appellant confessed to the murder. His identity was not 
at issue.”).  In addition, identity is not an issue when a defendant has 
admitted that he was with the victim at the time of the alleged assault.  See 
Morris v. State, 110 S.W.3d 100, 103 (Tex. App.—Eastland 2003, pet. 
ref’d).  Appellant admits that he had sexual intercourse with the victim 
and that he stabbed her.  Therefore, identity was not an issue in this 
case, and the trial court did not err in denying the DNA testing request.  See 
Morris, 110 S.W.3d at 103; Green v. State, 100 S.W.3d 344, 344-45 
(Tex. App.—San Antonio 2002, pet. ref’d).  We overrule Appellant’s 
sole point and affirm the trial court’s judgment.
 
  
                                                                  PER 
CURIAM
  
 
 
PANEL 
F:   HOLMAN, J.; CAYCE, C.J., and MCCOY, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: September 2, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Arroyo v. State, No. 02-97-00218-CR (Tex. App.—Fort Worth Feb. 26, 
1998, pet. ref’d) (not designated for publication).