COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-185-CR
  
  
TOMMY 
EARL APPLIN                                                            APPELLANT
   
V.
   
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
October 28, 1999, appellant Tommy Earl Applin was convicted by a jury of 
aggravated sexual assault with a deadly weapon, and the trial court assessed 
punishment at life imprisonment.  This court affirmed appellant’s 
conviction.[2]
        In 
September 2001, appellant filed a motion for post-conviction forensic DNA 
testing,[3] which the trial court denied on April 1, 
2004.  The trial court entered findings of fact and conclusions of law, 
which stated in pertinent part the following:
FINDINGS OF FACT
1.Defendant 
admits that he engaged in sexual intercourse with the victim.
 
2.Prior 
DNA tests showed that Defendant engaged in sexual intercourse with the victim.
 
3.Defendant 
admits that the issue at trial was not identity but was consent.
  
  
CONCLUSIONS OF LAW
 
1.The 
trial court may order DNA testing if it finds, among other things, that identity 
was or is an issue in the case. . . . .
 
2.Identity 
is not at issue in this case.
 
3.Identity 
was not at issue in this case.
 
4.Defendant 
is not entitled to DNA testing.
 
5.The 
court DENIES Defendant’s motion for DNA 
testing.
  
        In 
one issue, appellant argues that the trial court improperly considered 
appellant’s admission of sexual intercourse with the victim in denying 
appellant’s request for forensic DNA testing.  See Tex. Code Crim. Proc. Ann. art. 64.03(b) 
(prohibiting convicting court from finding that identity was not at issue solely 
on basis of guilty plea).
        In 
reviewing a trial court’s decision on a DNA request, we employ a bifurcated 
standard of review.  We afford almost total deference to a trial court’s 
determination of issues of historical fact and application of law to fact issues 
that turn on credibility and demeanor while reviewing de novo other applications 
of law to fact issues.  See Whitaker v. State, No. 74612, 2004 WL 
63981, at *2-3 (Tex. Crim. App. Jan. 14, 2004), cert. denied, 125 S. Ct. 
194 (2004); Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), cert. 
denied, 124 S. Ct. 27 (2003).
        Chapter 
64 of the Texas Code of Criminal Procedure prohibits the trial court “from 
finding that identity was not an issue in the case solely on the basis of” a 
plea of guilt.  Tex. Code Crim. 
Proc. Ann. art. 64.03(b).  This provision, however, does not apply 
to a defendant’s confessions.  See Bell v. State, 90 S.W.3d 301, 
308 (Tex. Crim. App. 2002).  The Texas Court of Criminal Appeals has held 
that identity is not an issue when a defendant confesses to committing the 
crime.  Id. (stating “Appellant confessed to the murder. His 
identity was not at issue.”).  In addition, identity is not an issue when 
an appellant admits to attacking the victim, but disputes the precise nature of 
the assault.  See Morris v. State, 110 S.W.3d 100, 103 (Tex. 
App.—Eastland 2003, pet. ref’d) (denying request for DNA testing when 
appellant admitted to being involved in some sort of an attack on the victim, 
but denied sexually assaulting her).
        Appellant 
admitted that he had sexual intercourse with the victim.  His only argument 
was that the sexual intercourse was consensual.  Like Morris, 
appellant’s argument goes to the nature of the incident in question, not to 
the identity of one of the participants.  Therefore, identity was not an 
issue in this case, and the trial court did not err in denying the DNA testing 
request.  See id.; Green v. State, 100 S.W.3d 344, 344-45 
(Tex. App.—San Antonio 2002, pet. ref’d).  We overrule Appellant’s 
sole point and affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
    
 
PANEL 
F:   LIVINGSTON, J.; CAYCE, C.J.; and GARDNER, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 4, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Applin v State, No. 2-99-535-CR (Tex. App.—Fort Worth Nov. 30, 2000, 
pet. ref’d) (not designated for publication).
3.  
See Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. 
Laws 2, 3-4 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03 
(Vernon Supp. 2004-05)).  Although article 64 was amended in 2003, this 
appeal is governed by the 2001 law.  See Act of Apr. 25, 2003, 78th 
Leg., R.S., ch. 13, §§ 8-9, 2003 Tex. Gen. Laws 16, 17 (providing that former 
law governs motions for DNA testing filed before September 1, 2003).