APPLIN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-185-CR

TOMMY EARL APPLIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On October 28, 1999, appellant Tommy Earl Applin was convicted by a jury of aggravated sexual assault with a deadly weapon, and the trial court assessed punishment at life imprisonment.  This court affirmed appellant’s conviction.
(footnote: 2)
 In September 2001, appellant filed a motion for post-conviction forensic DNA testing,
(footnote: 3) which the trial court denied on April 1, 2004.  The trial court entered findings of fact and conclusions of law, which stated in pertinent part the following:

FINDINGS OF FACT

Defendant admits that he engaged in sexual intercourse with the victim.

Prior DNA tests showed that Defendant engaged in sexual intercourse with the victim.

Defendant admits that the issue at trial was not identity but was consent. 

CONCLUSIONS OF LAW

The trial court may order DNA testing if it finds, among other things, that identity was or is an issue in the case. . . . .

Identity is not at issue in this case.

Identity was not at issue in this case.

Defendant is not entitled to DNA testing.

The court 
DENIES 
Defendant’s motion for DNA testing.  

In one issue, appellant argues that the trial court improperly considered appellant’s admission of sexual intercourse with the victim in denying  appellant’s request for forensic DNA testing.  
See 
Tex. Code Crim. Proc. Ann
.  art. 64.03(b) (prohibiting convicting court from finding that identity was not at issue solely on basis of guilty plea).  

In reviewing a trial court’s decision on a DNA request, we employ a bifurcated standard of review.  We afford almost total deference to a trial court’s determination of issues of historical fact and application of law to fact issues that turn on credibility and demeanor while reviewing de novo other applications of law to fact issues.  
See Whitaker v. State
, No. 74612, 2004 WL 63981, at *2-3 (Tex. Crim. App. Jan. 14, 2004), 
cert. denied
, 125 S. Ct. 194 (2004); 
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), 
cert. denied
, 124 S. Ct. 27 (2003).

Chapter 64 of the Texas Code of Criminal Procedure prohibits the trial court “from finding that identity was not an issue in the case solely on the basis of” a plea of guilt.  
Tex. Code Crim. Proc. Ann
. art. 64.03(b).  This provision, however, does not apply to a defendant’s confessions.  
See Bell v. State
, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002).  The Texas Court of Criminal Appeals has held that identity is not an issue when a defendant confesses to committing the crime.  
Id
. (stating “Appellant confessed to the murder.  His identity was not at issue.”).  In addition, identity is not an issue when an appellant admits to attacking the victim, but disputes the precise nature of the assault.  
See Morris v. State
, 110 S.W.3d 100, 103 (Tex. App.—Eastland 2003, pet. ref’d) (denying request for DNA testing when appellant admitted to being involved in some sort of an attack on the victim, but denied sexually assaulting her).     

Appellant admitted that he had sexual intercourse with the victim.  His only argument was that the sexual intercourse was consensual.  Like 
Morris
, appellant’s argument goes to the nature of the incident in question, not to the identity of one of the participants.   Therefore, identity was not an issue in this case, and the trial court did not err in denying the DNA testing request.  
See id
.; 
Green v. State
, 100 S.W.3d 344, 344-45 (Tex. App.—San Antonio 2002, pet. ref’d).  We overrule Appellant’s sole point and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and GARDNER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 4, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Applin v State
, No. 2-99-535-CR (Tex. App.—Fort Worth Nov. 30, 2000, pet. ref’d) (not designated for publication).   

3:
See
 Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann
. art. 64.03 (Vernon Supp. 2004-05)).
 
 Although article 64 was amended in 2003, this appeal is governed by the 2001 law.  
See
 Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, §§ 8-9, 2003 Tex. Gen. Laws 16, 17 (providing that former law governs motions for DNA testing filed before September 1, 2003).