In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00068-CR
______________________________


CARL LEE WATKINS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 13,992-94


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Carl Lee Watkins has appealed the trial court's denial of his motion for post-conviction DNA
testing. See Tex. Code Crim. Proc. Ann. arts. 64.01–.05 (Vernon Supp. 2004–2005). On
November 30, 2004, Watkins' appellate counsel filed an Anders


 brief in which he professionally
discussed the record, described the issues reviewed, and concluded there were no arguable grounds
for appeal. As required by Anders, counsel also filed a motion to withdraw, sent Watkins a copy of
that brief, and informed Watkins of his rights to review the record and to file a pro se response. 
Watkins submitted his response December 16, 2004.
            We have reviewed the record and the briefs, and we agree that the record before us
demonstrates no error. Accordingly, we affirm the trial court's judgment.
I.         Procedural History
            In March 1993, a Wood County jury found Watkins guilty in four separate cases that charged
the same offense—aggravated sexual assault of a child.


 The trial court sentenced Watkins to ninety-nine years' imprisonment in each case in accordance with the jury's punishment verdict. Watkins
appealed those convictions to this Court. In separate, unpublished opinions, this Court affirmed the
trial court's judgments in each case. See, e.g., Watkins v. State, No. 06-95-00016-CR (Tex.
App.—Texarkana Apr. 12, 1996, no pet.) (not designated for publication).
            On February 11, 2002, Watkins filed requests for post-conviction DNA testing and for the
appointment of counsel. See Tex. Code Crim. Proc. Ann. art. 64.01(a), (c). Watkins' motion for
DNA testing was not accompanied by "an affidavit, sworn to by the convicted person, containing
statements of fact in support of the motion," even though such an affidavit is required by Chapter
64.


 See Tex. Code Crim. Proc. Ann. art. 64.01(a).
            On May 10, 2004, the trial court issued findings of fact and conclusions of law regarding
Watkins' request for post-conviction DNA testing. The trial court specifically found (1) there was
no physical or biological evidence recovered in any of Watkins' four cases, and (2) Watkins had
failed to establish, by a preponderance of the evidence, that a reasonable probability existed that he
would not have been prosecuted or convicted in any of the four cases had exculpatory results been
obtained through DNA testing, because no biological material was ever recovered. Based on those
findings and conclusions, the trial court denied Watkins' motion. 
II.       DNA Testing
            A.        Standard of Review
            We review a trial court's denial of a motion for post-conviction DNA testing under a
bifurcated process. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing Guzman v.
State, 955 S.W.2d 85 (Tex. Crim. App. 1997)); see also Green v. State, 100 S.W.3d 344, 344 (Tex.
App.—San Antonio 2002, pet. ref'd). We afford almost total deference both to the trial court's
determination of historical fact and to its application of law-to-fact issues that turn on credibility and
demeanor. Rivera, 89 S.W.3d at 59; Green, 100 S.W.3d at 344. But we review de novo all other
application of law-to-fact issues. Rivera, 89 S.W.3d at 59; Green, 100 S.W.3d at 344. This de novo
review usually includes the ultimate issue in post-conviction DNA testing cases: i.e., whether "a
reasonable probability exists that exculpatory DNA would prove . . . innocence." Rivera, 89 S.W.3d
at 59.
            To obtain post-conviction DNA testing, the convicted person must establish by a
preponderance of the evidence that a reasonable probability exists that he or she would not have been
prosecuted or convicted if "exculpatory results had been obtained through DNA testing."


 Id. (citing
Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) & (2)(A)). This requirement is not a two-part
test. "The convicted person is not required to show both that a reasonable probability exists that the
person would not have been prosecuted and that the person would not have been convicted." S.J.
of Tex., 77th Leg., R.S. 995 (2001) (emphasis added),
<http://www.capitol.state.tx.us/sjrnl/77r/pdf/4-2.pdf>, at *25. Exculpatory evidence is that "tending
to establish a criminal defendant's innocence." Black's Law Dictionary 597 (8th ed. 2004).
            The statutory requirement that testing results be exculpatory is not met if the DNA evidence
would "merely muddy the waters." Instead, the evidence must tend to prove the defendant's
innocence. Rivera, 89 S.W.3d at 59 (citing Kutzner v. State, 75 S.W.3d 427, 439 (Tex. Crim. App.
2002)). Stated differently, DNA testing must conclusively outweigh all other evidence of the
convicted's guilt. Rivera, 89 S.W.3d at 59; Thompson v. State, 95 S.W.3d 469, 472 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref'd).
            B.        Analysis
            On appeal, Watkins' pro se response brief does not challenge the trial court's findings of fact
and conclusions of law. Instead, Watkins has asserted (1) he received ineffective assistance of
counsel at the original trial, and (2) he was denied his right to a speedy trial in 1992 and 1993. Such
issues would not directly or indirectly relate to the trial court's findings under Article 64.03 or 64.04;
therefore, these issues are not cognizable in a Chapter 64 appeal. See Tex. Code Crim. Proc. Ann.
art. 64.05 (appeals of post-conviction DNA testing judgment); see also McIntosh v. State, 110
S.W.3d 51, 52–53 (Tex. App.—Waco 2002, no pet.) (appellate court lacked jurisdiction over denial
of appointment of counsel; appointment came pursuant to Article 64.01 and appellate court had
jurisdiction only over determinations pursuant to Articles 64.03 and 64.04). Accordingly, we lack
jurisdiction to consider the issues raised by Watkins in his pro se responsive brief.
            Generally, when appellate counsel files an Anders brief, we have a duty to review the record
for fundamental error. See, e.g., Lopez v. State, 708 S.W.2d 446, 448–49 (Tex. Crim. App. 1986);
Sanchez v. State, 788 S.W.2d 636, 637 (Tex. App.—Corpus Christi 1990, no pet.). We see no reason
why the rationale behind that policy should not also extend to cases where the appeal concerns the
trial court's ruling on an application for post-conviction DNA testing, and the appellant's counsel
certifies to this Court that the appeal is frivolous. In such situations, we will review the record
related to the appellant's request for post-conviction DNA testing for fundamental error.


 After
reviewing the record, we find no fundamental error.
            The trial court in this case made a factual finding that no biological material was ever
recovered in connection with any of Watkins' cases. Watkins neither challenges this finding on
appeal, nor does the record before us show that Watkins offered any evidence to the contrary. 
Accordingly, without evidence that there is any biological material to be tested, we cannot say the
trial court erred by denying Watkins' motion for post-conviction DNA testing.



III.      Conclusion
            Watkins' application did not contain the statutorily required affidavit. See Tex. Code Crim.
Proc. Ann. art. 64.01(a). The application did not allege what evidence, if any, he believed should
be subjected to DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.01(a), (b). The motion made
no claim that any biological evidence in this case was not previously subjected to DNA testing or
that new testing techniques would provide more accurate results. See Tex. Code Crim. Proc. Ann.
art. 64.01(b). Nor did Watkins attempt to show in either the trial court or in his brief to this Court
that DNA testing would prove his innocence. See Rivera, 89 S.W.3d at 59. Accordingly, the trial
court properly denied Watkins' motion for post-conviction DNA testing
            We affirm the trial court's judgment.
 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          January 6, 2005
Date Decided:             January 7, 2005

Publish