NUMBER 13-07-00158-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


GODFREY GARCIA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 105th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez


 

 Appellant, Godfrey Garcia, proceeding pro se, appeals from the trial court's denial
of his sixth motion for post-conviction DNA testing. See Tex. Code Crim. Proc. Ann. art.
64.03 (Vernon Supp. 2007). We affirm.

 In 1996, Garcia was convicted by a jury of the offense of aggravated sexual assault. 
Garcia appealed to this Court and argued, among other things, that "the sex was
consensual;" therefore, he could not be convicted of sexual assault. See Garcia v. State,
No. 13-96-128-CR, 1997 Tex. App. LEXIS 3633, at *8 (Tex. App.-Corpus Christi 1997, no
pet.) (not designated for publication). This Court affirmed his conviction in 1997. See id.
at *11. 

 Garcia subsequently filed five post-conviction motions for DNA testing. See Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2007). The trial court denied his fifth
motion on October 9, 2003, and Garcia appealed that ruling. This Court, however, held
that Garcia's notice of appeal was untimely filed, and we dismissed his appeal for want of
jurisdiction. See Garcia v. State, No. 13-04-039-CR, 2004 Tex. App. LEXIS 4056, at *2-4
(Tex. App.-Corpus Christi 2004, no pet.). (1) On February 8, 2007, Garcia filed a sixth
motion for DNA testing. The trial court denied Garcia's sixth motion on February 17, 2007. 
Garcia filed a notice of appeal on March 5, 2007.

 The trial court may order DNA testing only when identity is an issue. See Tex. Code
Crim. Proc. Ann. art. 64.03(a)(1)(B); cf. Green v. State, 100 S.W.3d 344, 345 (Tex.
App.-San Antonio 2002, pet. ref'd) (holding that the trial court did not err in denying
Green's motion for DNA testing when he did not raise any issue regarding the sufficiency
of the evidence to prove his identity as the assailant and did not assert any facts supporting
his assertion that identity is or was an issue); In re McBride, 82 S.W.3d 395, 397 (Tex.
App.-Austin 2002, no pet.) (holding identity not at issue where appellate challenge to
sufficiency of the evidence was directed to an element other than identity). In the present
case, Garcia argued that "the sex was consensual," see Garcia, 1997 Tex. App. LEXIS
3633, at *8; therefore identity is not an issue.

 We affirm the trial court's order denying Garcia's sixth motion for post-conviction
DNA testing.

 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 17th day of July, 2008.

1. Garcia also sought a writ of mandamus from this Court, which we denied, stemming from his prior
motions for DNA testing. Garcia v. State, No. 13-04-458-CR, 2004 Tex. App. LEXIS 8279 (Tex. App.-Corpus
Christi 2004, orig. proceeding) (mem. op., not designated for publication)..