# NO. 12-09-00069-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANNY RENE SMITH,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Danny Rene Smith appeals the trial court's denial of his motion for additional forensic testing. In one issue, Appellant argues that the trial court's refusal to order additional forensic testing was erroneous and that the trial court failed to make appropriate findings of fact. We affirm.

## BACKGROUND

In 1994, Appellant was charged by indictment for murder. The indictment contained multiple enhancement paragraphs. Appellant pleaded "guilty" to the lesser included offense of involuntary manslaughter and, further, pleaded "true" to the enhancement allegations. The trial court found Appellant "guilty" of involuntary manslaughter and sentenced him to imprisonment for forty-five years.

On August 7, 2008, Appellant filed a motion "pursuant to Texas Code of Criminal Procedure, [article] 64," by which he requested that the trial court order additional forensic testing of the murder weapon. Specifically, Appellant argued that he did not have possession of the .22 caliber pistol in question and that, had the pistol been examined for fingerprints, his fingerprints would not have been found thereon. In response to Appellant's motion, the trial

court appointed counsel to assist Appellant in demonstrating to the court grounds for forensic testing of the pistol for fingerprints. Appellant's counsel subsequently informed the trial court by letter that Appellant could not meet the preconditions under chapter 64 and the absence of his fingerprints from the weapon that killed the victim would not be exculpatory considering (1) the law of parties and (2) that Appellant was present at the time of the killing and participated in the struggle that resulted in the pistol discharging the round that struck the victim.

Following its review of the letter from Appellant's counsel, the trial court denied Appellant's motion. This appeal followed.

## REQUEST FOR ADDITIONAL FINGERPRINT TESTING PURSUANT TO ARTICLE 64

In his sole issue, Appellant argues that the trial court erred in denying his motion for additional forensic testing and failed to make appropriate findings of fact.[1] We review a trial court's denial of a motion for postconviction DNA testing under a bifurcated process. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997)); *see also Green v. State*, 100 S.W.3d 344, 344 (Tex. App.–San Antonio 2002, pet. ref'd). We afford almost total deference both to the trial court's determination of historical fact and to its application of law to fact issues that turn on credibility and demeanor. *Rivera*, 89 S.W.3d at 59; *Green*, 100 S.W.3d at 344. But we review de novo all other application of law to fact issues. *Rivera*, 89 S.W.3d at 59; *Green*, 100 S.W.3d at 344. This de novo review usually includes the ultimate issue in postconviction DNA testing cases, i.e., whether "a reasonable probability exists that exculpatory DNA would prove ... innocence." *Watkins v. State*, 155 S.W.3d 631, 633 (Tex. App.–Texarkana 2005, no pet.).

## Adequacy of Trial Court's Findings of Fact

As part of his sole issue, Appellant argues that the trial court made no findings of fact in support of its order denying his motion. We recently considered a similar issue in *Snow v. State*, No. 12-08-00438-CR, 2009 WL 2767318 (Tex. App.–Tyler Sept. 2, 2009, no pet. h.) (mem. op., not designated for publication). In *Snow*, we relied on the court of criminal appeals' opinion in *Skinner v. State*, 122 S.W.3d 808 (Tex. Crim. App.2003), in which the court stated as follows:

---

[1] On appeal, Appellant cites Texas Code of Criminal Procedure, article 11.07(d) and (e) as authority for his motion. While Appellant, in his motion, made passing reference to a House Bill that he claimed supported his request, his motion was nonetheless made pursuant to Texas Code of Criminal Procedure, article 64. This appeal does not arise from a postconviction writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008).

The trial court's findings, when considered with the record in this case, are sufficient for the purposes of our review. The trial court found that the appellant failed to meet the requirements of 64.03(a)(2)A) and 64.03(a)(2)B). This may not be adequate in every case, and this Court would appreciate more detailed findings from the trial court to facilitate our review. But, in appellant's case, the record supports the trial court's conclusion that the appellant did not prove by a preponderance of the evidence that a reasonable probability existed that he would not have been prosecuted or convicted if the DNA test results were exculpatory.

*Snow*, 2009 WL 2767318, at *2 (citing *Skinner*, 122 S.W.3d at 813); *see also Darnell v. State*, No. 02-03-00173-CR, 2004 WL 1088755, at *3 (Tex. App.–Fort Worth May 13, 2004, pet. ref'd) (mem. op., not designated for publication) (trial court's order stating only that the appellant "failed to meet the requirements of article 64.03" was sufficient to comply with article 64).

In the case at hand, the trial court's order states, "After reviewing the file and the November 6, 2008, letter from Jeff Fletcher, the Court fails to find any grounds for further testing." The letter to which the court makes reference states that Appellant could not meet the preconditions under chapter 64 and the absence of his fingerprints from the weapon that killed the victim would not be exculpatory considering (1) the law of parties and (2) that Appellant was present at the time of the killing and participated in the struggle that resulted in the pistol discharging the round that struck the victim. Based on our review of the trial court's order, the November 6, 2008 letter to which the order makes reference, and the record as a whole, we hold that the trial court's order was sufficient to comply with article 64. *See Snow*, 2009 WL 2767318, at *2; *Darnell*, 2004 WL 2088755 at *3; *see also Skinner*, 122 S.W.3d at 813.

## Denial of Appellant's Motion[2]

To obtain postconviction DNA testing, the convicted person must establish by a preponderance of the evidence that a reasonable probability exists that he or she would not have been prosecuted or convicted if "exculpatory results had been obtained through DNA testing." *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i), (2)(A) (Vernon Supp. 2008). This requirement is not a two part test. "The convicted person is not required to show both that a reasonable probability exists that the person would not have been prosecuted and that the person

---

[2] Article 64 does not cover fingerprint evidence. *See Skinner*, 122 S.W.3d at 812 n.4. Nonetheless, the possibility of additional testing for fingerprint evidence has been considered under article 64. *See id.* at 812. Appellant now seeks to base his request for additional forensic testing in language from article 11.07 and suggests that the proper analysis concerning the trial court's refusal to order such testing be conducted pursuant to article 64. Because Appellant's motion was filed pursuant to article 64, we shall conduct our analysis accordingly. In so doing, however, we do not decide whether a petition for writ of habeas corpus filed on such grounds should incorporate analysis traditionally applied to motions filed pursuant to article 64.

3

would not have been convicted." *Watkins*, 155 S.W.3d at 633–34. Exculpatory evidence is that "tending to establish a criminal defendant's innocence." *Id.* at 634.

The statutory requirement that testing results be exculpatory is not met if the DNA evidence would "merely muddy the waters." *Id.* Instead, the evidence must tend to prove the defendant's innocence. *Rivera*, 89 S.W.3d at 59. Stated differently, DNA testing must conclusively outweigh all other evidence of the convicted person's guilt. *See Watkins*, 155 S.W.3d at 634.

The issue in the case at hand is similar to another issue considered by the court of criminal appeals in *Skinner*. In *Skinner*, the court concluded that the appellant's request to compare fingerprint evidence would not provide a reasonable probability of his innocence, but instead would only demonstrate the presence of a third party. *See id.* at 812. Thus, the court held that the new information would not undermine the trial court's finding that the appellant failed to establish that he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id.*

Appellant argues that additional forensic testing would establish that there were fingerprints of a third party on the murder weapon. Assuming arguendo that fingerprint testing can be considered under article 64, *see id.*, Appellant still bore the burden to prove that he would not have been convicted given the evidence presented at trial. Here, even if a third party's fingerprints were found on the pistol, such evidence would not be exculpatory. Rather, it would only indicate the presence of a third party. *See id.*; *see also Hood v. State*, 148 S.W.3d 480, 481–83 (Tex. Crim. App. 2005) (holding that even if DNA testing showed presence of another person at crime scene, defendant failed to establish by preponderance of the evidence that he would have been acquitted on that basis given that defendant's bloody fingerprints were found at the scene and showed his involvement in the crime; DNA evidence would at most establish that defendant acted with someone else in committing the crime). Considering Appellant's assertion in his motion that the pistol at issue discharged and killed the victim as a result of Appellant's struggling over the firearm with a third party, we conclude that Appellant has not met his burden of proof under article 64.03(a)(2)(A). As such, the trial court did not err in overruling Appellant's motion.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order denying Appellant's motion for forensic testing.

**BRIAN HOYLE**
Justice

Opinion delivered October 21, 2009.
*Panel consisted of Worthen, C.J., and Hoyle, J.*
*Griffith, J., not participating.*

(DO NOT PUBLISH)