12-09-00069-CR









NO. 12-09-00069-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DANNY RENE SMITH,                               §          APPEAL
FROM THE 402ND

APPELLANT

 

V                                                                     §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                   §          WOOD COUNTY, TEXAS

________________________________________________________            
_______________                                                                                                                                                           


MEMORANDUM
OPINION

            Danny
Rene Smith appeals the trial court’s denial of his motion for additional
forensic testing.  In one issue, Appellant argues that the trial court’s
refusal to order additional forensic testing was erroneous and that the trial
court failed to make appropriate findings of fact.  We affirm.

 

Background

            In
1994, Appellant was charged by indictment for murder.  The indictment contained
multiple enhancement paragraphs.  Appellant pleaded “guilty” to the lesser
included offense of involuntary manslaughter and, further, pleaded “true” to
the enhancement allegations.  The trial court found Appellant “guilty” of
involuntary manslaughter and sentenced him to imprisonment for forty-five
years.

            On
August 7, 2008, Appellant filed a motion “pursuant to Texas Code of Criminal Procedure,
[article] 64,” by which he requested that the trial court order additional
forensic testing of the murder weapon.  Specifically, Appellant argued that he
did not have possession of the .22 caliber pistol in question and that, had the
pistol been examined for fingerprints, his fingerprints would not have been
found thereon.  In response to Appellant’s motion, the trial court appointed
counsel to assist Appellant in demonstrating to the court grounds for forensic
testing of the pistol for fingerprints.  Appellant’s counsel subsequently
informed the trial court by letter that Appellant could not meet the
preconditions under chapter 64 and the absence of his fingerprints from the
weapon that killed the victim would not be exculpatory considering (1) the law
of parties and (2) that Appellant was present at the time of the killing and
participated in the struggle that resulted in the pistol discharging the round
that struck the victim.  

            Following
its review of the letter from Appellant’s counsel, the trial court denied
Appellant’s motion.  This appeal followed.

 

Request for Additional Fingerprint Testing
Pursuant to Article 64

            In
his sole issue, Appellant argues that the trial court erred in denying his
motion for additional forensic testing and failed to make appropriate findings
of fact.[1]
 We review a trial court's denial of a motion for postconviction DNA testing
under a bifurcated process.  Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002) (citing Guzman v. State, 955 S.W.2d 85
(Tex. Crim. App. 1997)); see also Green v. State, 100
S.W.3d 344, 344 (Tex. App.–San Antonio 2002, pet. ref’d).  We afford almost
total deference both to the trial court’s determination of historical fact and
to its application of law to fact issues that turn on credibility and
demeanor.  Rivera, 89 S.W.3d at 59; Green, 100
S.W.3d at 344.  But we review de novo all other application of law to fact
issues.  Rivera, 89 S.W.3d at 59; Green, 100 S.W.3d
at 344.  This de novo review usually includes the ultimate issue in postconviction
DNA testing cases, i.e., whether “a reasonable probability exists that
exculpatory DNA would prove ... innocence.”  Watkins v. State,
155 S.W.3d 631, 633 (Tex. App.–Texarkana 2005, no pet.).

Adequacy
of Trial Court’s Findings of Fact          

            As
part of his sole issue, Appellant argues that the trial court made no findings
of fact in support of its order denying his motion.  We recently considered a
similar issue in Snow v. State, No. 12-08-00438-CR, 2009 WL
2767318 (Tex. App.–Tyler Sept. 2, 2009, no pet. h.) (mem. op., not designated
for publication).  In Snow, we relied on the court of criminal
appeals’ opinion in Skinner v. State, 122 S.W.3d 808 (Tex. Crim. App.2003),
in which the court stated as follows:

                        The trial court’s findings, when considered with the
record in this case, are            sufficient for the purposes of our review.  The
trial court found that the appellant failed to              meet the
requirements of 64.03(a)(2)A) and 64.03(a)(2)B).  This may not be adequate in         every
case, and this Court would appreciate more detailed findings from the trial
court to         facilitate our review.  But, in appellant's case, the record
supports the trial court’s                 conclusion that the appellant did
not prove by a preponderance of the evidence that a     reasonable probability
existed that he would not have been prosecuted or convicted if the         DNA
test results were exculpatory.

 

 

Snow,
2009 WL 2767318, at *2 (citing Skinner, 122 S.W.3d at 813); see
also Darnell v. State, No. 02-03-00173-CR, 2004 WL 1088755,
at *3 (Tex. App.–Fort Worth May 13, 2004, pet. ref'd) (mem. op., not designated
for publication) (trial court's order stating only that the appellant “failed
to meet the requirements of article 64.03” was sufficient to comply with
article 64).  

            In
the case at hand, the trial court’s order states, “After reviewing the file and
the November 6, 2008, letter from Jeff Fletcher, the Court fails to find any
grounds for further testing.”  The letter to which the court makes reference
states that Appellant could not meet the preconditions under chapter 64 and the
absence of his fingerprints from the weapon that killed the victim would not be
exculpatory considering (1) the law of parties and (2) that Appellant was
present at the time of the killing and participated in the struggle that resulted
in the pistol discharging the round that struck the victim.  Based on our
review of the trial court’s order, the November 6, 2008 letter to which the
order makes reference, and the record as a whole, we hold that the trial
court's order was sufficient to comply with article 64.  See Snow,
2009 WL 2767318, at *2; Darnell, 2004 WL 2088755 at *3; see
also Skinner, 122 S.W.3d at 813.

Denial of
Appellant’s Motion[2]

            To
obtain postconviction DNA testing, the convicted person must establish by a
preponderance of the evidence that a reasonable probability exists that he or
she would not have been prosecuted or convicted if “exculpatory results had
been obtained through DNA testing.”  Id.; see also Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(A)(i), (2)(A) (Vernon Supp. 2008).  This requirement is not a two part
test. “The convicted person is not required to show both that a reasonable
probability exists that the person would not have been prosecuted and that the
person would not have been convicted.”  Watkins, 155 S.W.3d at
633–34.  Exculpatory evidence is that “tending to establish a criminal
defendant's innocence.” Id. at 634.

            The
statutory requirement that testing results be exculpatory is not met if the DNA
evidence would “merely muddy the waters.”  Id.  Instead, the
evidence must tend to prove the defendant’s innocence.  Rivera,
89 S.W.3d at 59.  Stated differently, DNA testing must conclusively outweigh
all other evidence of the convicted person’s guilt.  See Watkins,
155 S.W.3d at 634.

            The
issue in the case at hand is similar to another issue considered by the court
of criminal appeals in Skinner.  In Skinner, the
court concluded that the appellant’s request to compare fingerprint evidence
would not provide a reasonable probability of his innocence, but instead would
only demonstrate the presence of a third party.  See id. at 812. 
Thus, the court held that the new information would not undermine the trial
court’s finding that the appellant failed to establish that he would not have
been convicted if exculpatory results had been obtained through DNA testing.  Id.

            Appellant
argues that additional forensic testing would establish that there were
fingerprints of a third party on the murder weapon.  Assuming arguendo that
fingerprint testing can be considered under article 64, see id., Appellant
still bore the burden to prove that he would not have been convicted given the
evidence presented at trial.  Here, even if a third party’s fingerprints were
found on the pistol, such evidence would not be exculpatory.  Rather, it would
only indicate the presence of a third party.  See id.; see
also Hood v. State, 148 S.W.3d 480, 481–83 (Tex. Crim. App. 2005)
(holding that even if DNA testing showed presence of another person at crime
scene, defendant failed to establish by preponderance of the evidence that he
would have been acquitted on that basis given that defendant’s bloody
fingerprints were found at the scene and showed his involvement in the crime;
DNA evidence would at most establish that defendant acted with someone else in
committing the crime).  Considering Appellant’s assertion in his motion that
the pistol at issue discharged and killed the victim as a result of Appellant’s
struggling over the firearm with a third party, we conclude that Appellant has
not met his burden of proof under article 64.03(a)(2)(A).  As such, the trial
court did not err in overruling Appellant’s motion.

            Appellant’s
sole issue is overruled.  

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s order
denying Appellant’s motion for forensic testing.

 

                                                                                    Brian Hoyle

                                                                       
 Justice

 

Opinion delivered October 21,
2009.

Panel
consisted of Worthen, C.J., and Hoyle, J.

Griffith,
J., not participating.

 

 

 

 

 

 

 

 

(DO NOT PUBLISH) 

 









                [1]
On appeal, Appellant cites Texas Code of Criminal Procedure, article 11.07(d)
and (e) as authority for his motion.  While Appellant, in his motion, made
passing reference to a House Bill that he claimed supported his request, his
motion was nonetheless made pursuant to Texas Code of Criminal Procedure,
article 64.  This appeal does not arise from a postconviction writ of habeas
corpus.  See Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon Supp. 2008). 





                [2]
Article 64 does not cover fingerprint evidence.  See Skinner, 122
S.W.3d at 812 n.4.  Nonetheless, the possibility of additional testing for
fingerprint evidence has been considered under article 64.  See id.
at 812.  Appellant now seeks to base his request for additional forensic
testing in language from article 11.07 and suggests that the proper analysis
concerning the trial court’s refusal to order such testing be conducted
pursuant to article 64.  Because Appellant’s motion was filed pursuant to
article 64, we shall conduct our analysis accordingly.  In so doing, however,
we do not decide whether a petition for writ of habeas corpus filed on such
grounds should incorporate analysis traditionally applied to motions filed
pursuant to article 64.