# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-08-00543-CR

---

**In re Harold C. Biddie**

---

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT**
**NO. 7068, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Harold C. Biddie appeals the trial court's denial of his motions for post-conviction and forensic DNA testing and to examine physical evidence. Although Biddie's brief was originally due November 9, 2009, and he was ordered to file a brief by July 26, 2010, he has not filed a brief. We nevertheless have examined the record presented. Finding no reversible error, we affirm the judgment.

Biddie previously appealed from a trial court's decision that court-ordered DNA testing of evidence in this case was not favorable to Biddie. *See In re Biddie*, No. 03-02-00633-CR, 2003 Tex. App. LEXIS 4135 (Tex. App.—Austin May 15, 2003, no pet.) (mem. op., not designated for publication). This Court's opinion recites that Biddie is serving a 99-year prison sentence imposed in 1988 for aggravated sexual assault. *Id*. On October 23, 2001, the trial court granted Biddie's motion for postconviction DNA testing and ordered the State "to submit any and all biological material in its possession for forensic DNA testing." The next day, Biddie filed a motion requesting that the trial court order the State to produce the following items: (1) all clothing taken

as evidence from Biddie, co-defendants, the complainant, and any other person connected to the case, (2) all weapons allegedly used in the case, along with spent shells, cartridges, slugs, bullets, waddings, fragments and ammunition recovered at the scene or from the body of complainant, (3) all fingerprints taken as part of the investigation, (4) all blood samples, bodily fluids, tissues or hair samples taken from the scene of the alleged crime or from Biddie's person, home or vehicle and those of any complainant or witness, (5) all physical evidence, including photographs, relied upon by experts used or called as witnesses by the State, and (6) all other physical evidence taken by the State from the scene of the crime or from any complainant as part of its investigation in this case. The trial court granted the motion.  In February 2002, Biddie filed a motion requesting that forensic DNA testing be done on evidence that was secured in relation to the offense, which was in the State's possession during the trial but was not subjected to DNA testing (1) because DNA testing was not available or was available but not technologically capable of providing probative results, or (2) because of reasons other than Biddie's fault, which now are of a nature that the interests of justice require DNA testing.  He also requested testing of items that, although previously tested, could be subjected to newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the previous test.  He specifically requested testing of a bed sheet with white and blue checks, the victim's underwear, and the victim's pink bed sheet.  (State's exhibits three through five).  The trial court granted this motion without reservation.

After the examination and testing in 2001-02, the Department of Public Safety Laboratory reported that the bed sheets contained Biddie's DNA as well as DNA from others.  The victim's underwear had the victim's DNA.  The trial court concluded that the DNA test results were

2

not favorable to Biddie in that it is not reasonably probable that he would not have been prosecuted or convicted had the results of the DNA analysis been available before or during the trial. This Court affirmed the trial court's conclusion.

In 2007-08, Biddie again requested production of evidence and DNA testing. His motion to inspect and examine physical evidence tracks the language of the 2001 motion almost exactly. His 2008 motion for DNA testing mostly tracks the language of the 2002 motion. In the 2008 motion he wrote the following:

> Defendant specifically requests the following items be subjected to forensic DNA testing:
>
> St. Ex. ___ House Bill #681
> St. Ex. ___ All evidence listed in 1-6
> St. Ex. ___ Any and All other evidence unknown to the Defendant.

The trial court denied the motion for post-conviction forensic DNA testing, writing "It appears to the Court that testing has been done, therefore motion denied."

Biddie's brief in this appeal was originally due November 9, 2009. This Court's clerk sent notice in December 2009 that his brief was overdue. Biddie requested appointment of counsel and has also filed documents in which he asserts that he is being denied access to paper and supplies and that he is under institutional lockdown. He has also sent issues of a prison newspaper. By order dated June 25, 2010, this Court found that Biddie had not shown himself entitled to appointed counsel for this proceeding. A convicted person must show that the facts stated in the request for counsel or otherwise known to the trial court reasonably suggest that a plausible argument for testing can be made. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2010). This Court

concluded that Biddie had not made the showing necessary to require appointment of counsel,[1] and ordered Biddie to file a brief on or before July 26, 2010. The order stated that if Biddie failed to file a brief, this appeal would be submitted on the record on file.

Biddie has filed four documents since that order, but none is a brief. Under a cover letter dated June 29, 2010, Biddie filed Petitioner's Motion for Hearing of Denial of Access to Courts in which he contends that prison officials confiscated his legal documents, refused to return them, and refused to give proper notification or mail his legal documents until Biddie sold illegal drugs for the officials. He also sent a substance he purported was a sample of the illegal drug he alleges that prison authorities are requiring him to sell. On July 7, 2010, this Court received and filed a notice from Biddie recounting a prison official's alleged forceful rejection of his request for "indigent supplies." Under cover of a letter dated July 13, 2010, Biddie sent a copy of a complaint that he represents was filed with the Judicial Conduct Commission in which he alleges that three judges and the clerk of this Court violated their duties and his rights by returning the alleged illegal substance attached to his June 29 letter to the prison.[2] He contends that this violated his right of access to the courts and improperly subjected him to disciplinary action in the prison. By his Motion for Court Orders filed September 30, 2010, he reiterates his allegations that this Court acted incorrectly with respect to the illegal substance, and asserts that he is entitled to expunction of the

---

[1] By motion received October 15, 2010, and styled as filed in the district court, Biddie has again requested that counsel be appointed for him. He has failed to show himself entitled to appointed counsel. The latest motion for appointment of counsel is denied.

[2] The clerk of this Court referred the material and the matter to the Department of Public Safety. Neither he nor any justice, attorney, deputy clerk, or other person associated with this Court returned the alleged marijuana to the prison. The Court retains a copy of the documents filed, but did not retain the allegedly illegal drug.

prison disciplinary proceeding prompted by his mailing of the illegal substance and to reinstatement of his previous conditions of confinement, including his cell assignment, good time credits, and trustee status. In none of these documents does Biddie explain why the district court's denial of his request for DNA testing was erroneous.

Rather than simply dismiss the appeal for Biddie's failure to file a brief, we will review the record presented to determine whether it reveals any arguable ground for reversal. A convicting court may order forensic DNA testing only if the following conditions are met:

> (1) the court finds that:
>    (A) the evidence:
>        (i) still exists and is in a condition making DNA testing possible; and
>        (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
>    (B) identity was or is an issue in the case; and
>
> (2) the convicted person establishes by a preponderance of the evidence that:
>    (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
>    (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp. 2010). A trial court's denial of a motion for post-conviction DNA testing is reviewed under a bifurcated process. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); *Green v. State*, 100 S.W.3d 344, 344 (Tex. App.—San Antonio 2002, pet. ref'd). We afford almost total deference both to the trial court's determination of historical fact and to its issues applying law to fact that turn on credibility and demeanor. *Rivera*, 89 S.W.3d at 59; *Green*, 100 S.W.3d at 344.

5

But we review de novo all other issues applying law to fact. *Rivera*, 89 S.W.3d at 59; *Green*, 100 S.W.3d at 344. This de novo review usually includes the ultimate issue in post-conviction DNA testing cases, "whether a reasonable probability exists that exculpatory DNA would prove innocence." *Rivera*, 89 S.W.3d at 59.

Biddie's pleadings and our review of the record presented do not reveal any error in the trial court's conclusion that additional DNA testing was not required. The trial court plainly did not err by failing to order DNA testing of House Bill 681 because there is no indication that any copy of a House Bill was involved in the crime in question.[3] When Biddie previously was granted permission to examine an array of physical evidence, he obtained testing of three items—none of which produced evidence favorable to him. In the underlying motion, Biddie requested not just inspection of the same array of physical evidence ("items 1-6") but also DNA testing of all of it. His request, therefore, is so broad that he asks for DNA testing of such things as fingerprints and photographs relied upon by experts. Biddie has not argued, much less persuaded us, that there is a specific piece of evidence on which DNA testing should be performed, or that there is a new method of DNA testing not previously available that should be used on the items previously tested. Finally, Biddie has not shown that the court erred by failing to order the testing of unknown evidence. The record before us does not demonstrate that the trial court erred by denying Biddie's 2008 request for DNA testing of any of the categories of evidence for which he requests testing.

---

[3] We note that House Bill 681 from the 2007 legislative session amended the DNA testing statute. *See* Act of May 24, 2007, 77th Leg., R.S., ch. 1006, § 2, 2007 Tex. Gen. Laws 3523, 3523-25.

Concluding that Biddie has failed to demonstrate error in the trial court's denial of his request for DNA testing and that no error by the trial court is apparent from the face of the record, we affirm the trial court's order denying Biddie's request for DNA testing of evidence in this case. All motions and other requests for relief pending in this cause in this Court are denied.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Henson

Affirmed

Filed:   December 22, 2010

Do Not Publish