**Felipe NIETO, Jr., A/K/A Felipe Stokes Nieto, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–011–CR.**

Court of Appeals of Texas, Corpus Christi.

March 16, 1989.

Kyle Welch, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before KENNEDY, UTTER and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

A jury found Felipe Nieto, Jr. guilty of burglary of a habitation with intent to commit theft. The trial court found Nieto to be a repeat offender and assessed punishment at thirty years confinement. Nieto appeals by a single point of error, complaining that the trial court erred in overruling his motion for an instructed verdict of acquittal because the evidence was insufficient as a matter of law to identify him as the person who burglarized the complainant's house.

The complainant, William Solelether, testified that he lived by himself in a rural residence just outside of Weslaco, Texas. As part of his daily routine, Solelether worked at his son's restaurant a mile away between 6:30 a.m. and 10:00–11:00 a.m. every morning. On the morning in question, Solelether worked at his son's restaurant as usual in the morning, and came back to his home at 11:00 a.m. to find that his door

was left open and his television set and microwave oven were sitting outside the front door on his porch. Solelether then entered the house and found that another small portable TV, a camera, and his VCR were missing.

Solelether first called his son and then reported the incident to the Hidalgo County Sheriff's Department, which sent three officers, Adalberto Hinojosa, Bernardo Elizondo and Roy Quintanilla, to Solelether's house to investigate the burglary. Officer Hinojosa determined that the burglar had pried open a sliding glass door to gain entry. Hinojosa, who had police training in how to lift latent fingerprints, dusted the door, TV and microwave, and a number of other objects and places.[1] He lifted and identified a latent print from the right-side wall of the microwave, along with five other prints which were lifted and turned in to the Sheriff's Department.

Solelether testified that he did not know appellant, had never before seen him or had him as a guest in his house, and did not give him permission to enter his house on the day of the burglary. Solelether testified that he had given no one permission to enter his home, that he is the only one that has keys to the house, that he had not sent the TV or microwave out for repair in recent weeks, and that both items had been in the house and working ever since he moved in three years ago.

Officer Quintanilla testified that an informant later gave him appellant's name in connection with the burglary. Quintanilla then had records of appellant's known prints submitted for comparison with the latent prints recovered from the scene.

Felipe Saenz, the Identification Officer for the Hidalgo County Sheriff's Department, testified that he had several years experience in examining, comparing, classifying and filing fingerprints for both the McAllen Police Department and later the Hidalgo County Sheriff's Department, that he had a number of basic and advanced police academy courses in the processing,

examination and comparison of latent finger and palm prints, that he had been able to identify people based on fingerprint comparisons on fifty to sixty occasions, and that he also had many occasions to make comparisons and identifications using palm prints.

Saenz testified that, of the six latent prints lifted from the scene, only two were usable. Saenz positively identified one of the usable latent palm prints, which had been lifted from Solelether's microwave, with the known palm print of appellant. The other usable latent print did not match appellant or any other suspect.

Saenz explained that he looks for common points of identification to positively identify a latent print with a known print, that no two palm prints from different hands have ever been found with the same characteristics, and that Saenz feels comfortable making a positive identification when he finds ten points of identification. In the present case, Saenz found over twelve points of identification, which were enough to make a positive identification and for Saenz to express his expert opinion that the latent palm print lifted from the microwave and appellant's known palm print were made by the same person.

When the State rested, appellant moved for directed verdict on grounds that the State failed to offer sufficient evidence to identify appellant as the burglar. The court denied the motion and appellant called one witness in defense.

Lalo Rincon testified that he lives in Donna, Texas, and that on day of the burglary appellant was with him, helping to fix the transmission in Rincon's car. Rincon stated that he picked appellant up between 7:00 and 7:30 a.m. at his apartment and took him to Rincon's house, where appellant stayed until 12:30 p.m. that day.

Appellant then rested and renewed his motion for instructed verdict on the same grounds, which was again denied.

1. "Dusting" for prints refers to the process of spreading a special powder on surfaces where finger or palm prints are likely to be found.

"Lifting" a print is the process of preserving the impressions made by this powder when it adheres to a print.

The State contends that, by putting on a defense after the State rested, appellant waived error in the denial of his motion for instructed verdict. *See Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex.Crim.App. 1980); *Veloz v. State,* 653 S.W.2d 918, 923 (Tex.App.—Corpus Christi 1983, no pet.). The record reflects, however, that appellant renewed his motion for an instructed verdict at the close of all the evidence. 23A C.J.S. *Criminal Law* § 1148 (1961) states that:

> Such waiver, however, does not affect the right of accused to have the sufficiency in law of the entire evidence considered on a motion to direct made at the close of all the testimony; and hence the rule has been stated to be that a motion to direct a verdict of acquittal, made at the close of the evidence for the prosecution, is waived, or a review of the evidence is precluded, where accused introduces evidence in his own behalf and does not renew the motion at the conclusion of all the evidence....

In *United States v. Merritt,* 639 F.2d 254, 256 (5th Cir.1981), the Fifth Circuit stated that, "[i]t is well recognized that where a defendant presents evidence after moving for a judgment of acquittal, he waives objection to the denial of that motion unless he renews his motion at the conclusion of all the evidence." And even in *Kuykendall,* the court did summarily review an oral motion for instructed verdict made at the close of all the evidence, though they refused on waiver grounds to review the written motion made before the accused put on his defense. *Kuykendall,* 609 S.W.2d at 794.

■ Since the appellant renewed his motion for instructed verdict at the close of all the evidence, we hold that he preserved error on his motion for instructed verdict. We review the entire evidence introduced at the trial. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hous-*

*ton v. State,* 663 S.W.2d 455 (Tex.Crim. App.1984).

■ Generally, fingerprint evidence alone will be sufficient to sustain a conviction if the evidence shows that the prints were necessarily made at the time of the burglary. *Bowen v. State,* 460 S.W.2d 421, 423 (Tex.Crim.App.1970); *Grice v. State,* 142 Tex.Cr.R. 4, 151 S.W.2d 211, 222 (1941); *Guzman v. State,* 732 S.W.2d 683, 685 (Tex.App.—Corpus Christi 1987, no pet.). The same rule which applies to the sufficiency of fingerprint evidence applies to palm prints. *Galvan v. State,* 461 S.W.2d 396, 398 (Tex.Crim.App.1970).

In the present case, the testimony of Saenz concerning his expertise in finger and palm print analysis, and that he found sufficient points of identification to make a positive identification of the latent palm print with appellant's known palm print was sufficient to show that appellant touched the microwave. *See Grice,* 151 S.W.2d at 221–222. The remaining question is whether appellant's contact with the microwave sufficiently links him to the burglary of Solelether's house.

■ One of the most important factors to be considered in evaluating the sufficiency of fingerprint evidence is the extent to which the fingerprinted object was accessable to the defendant. *Phelps v. State,* 594 S.W.2d 434, 436 (Tex.Crim.App.1980); *Wheat v. State,* 666 S.W.2d 594, 596 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd).

■ In the present case, Solelether did not know appellant, nor did he ever give appellant permission to enter his house, and the microwave from which the latent palm print was lifted had remained in the house continuously while Solelether lived there. The only time that appellant could have touched the microwave was during the burglary or during the brief period after the burglary when it was on Solelether's porch.

■ The State need not present evidence excluding every *conceivable* hypothesis except that of the defendant's guilt; it need only present evidence excluding every *reasonable* hypothesis. The mere possibili-

ty that a defendant's prints may have been left at a time other than the time of the burglary does not necessarily render the evidence insufficient. *Phelps*, 594 S.W.2d at 436. The courts have found sufficient evidence even where highly unlikely possibilities could account for the presence of the defendant's prints in a manner consistent with innocence. *See Phelps*, 594 S.W.2d at 436; *G.K.G. v. State*, 730 S.W.2d 182, 185 (Tex.App.—San Antonio 1987, no pet.). We hold that there is sufficient evidence in the present case to show that appellant came in contact with the microwave during his burglary of Solelether's house.

Apellant's point of error is overruled. The judgment of the trial court is affirmed.