Jose Angel ROCHA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-89-218-CR.

Court of Appeals of Texas,
Corpus Christi.

March 8, 1990.

Peter C. Gilman, Brownsville, for appellant.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Jose Angel Rocha, guilty of burglarizing a habitation. *See* Tex.Penal Code Ann. § 30.02(a)(1), (3) (Vernon 1989). The jury assessed punishment, enhanced by two prior convictions, at 30 year's confinement in the Texas Department of Corrections and a $5,000 fine. By one point of error, appellant asserts that the evidence is insufficient to support the verdict. We affirm the judgment of the trial court.

In reviewing sufficiency of the evidence, the appellate court must look at all the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State*, 746 S.W.2d 747, 750 (Tex.Crim.App.1988); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Arguijo v. State*, 738 S.W.2d 367, 369 (Tex.App.—Corpus Christi 1987, no pet.); *Rosamond v. State*, 730 S.W.2d 147, 149 (Tex.App.—Corpus Christi 1987, no pet.). In a circumstantial evidence case it is not necessary that every fact point directly and independently to the defendant's guilt; rather, it is enough if the jury's conclusion is warranted by the combined and cumulative force of all incriminating circumstances. *Russell v. State*, 665 S.W.2d 771, 776 (Tex.Crim.App.1983), *cert. denied*, 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984); *Nieto v. State*, 767 S.W.2d 905, 908 (Tex.App.—Corpus Christi 1989, no pet.); *Ramos v. State*, 767 S.W.2d 248, 249 (Tex.App.—Corpus Christi 1989, pet. ref'd). Every circumstantial evidence case must be tested by its own facts to determine whether the evidence is sufficient to support a conviction. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App. 1984); *see also, Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983); *Meyers v. State*, 737 S.W.2d 6, 8 (Tex.App.— Corpus Christi 1987, no pet.).

Appellant argues that the State did not present sufficient evidence to establish that he was the burglar. He notes that none of the property taken was found in his possession, no fingerprints were taken to link him to the scene, and the police did not attempt to verify the truthfulness of his statements incriminating a person named Spider as the burglar.

On the morning of December 8, 1988, appellant was present in the apartment complex where Margie Ferris resided. Mrs. Hogan, Ferris' neighbor, saw appellant knock on Ferris' door. Ferris had already left for work. Appellant asked Hogan if Ferris was home and if she had a husband. Hogan replied, "I don't know." Appellant then left the scene on a blue bicycle. Hogan did not see appellant enter or leave Ferris' apartment.

Later, Officer Espinoza was driving behind the apartment complex and noticed an apartment window with the screen removed. Espinoza investigated and discovered that the window was unlocked and the apartment ransacked. During the investigation, Mrs. Hogan described appellant's clothing and stated that he rode a blue bicycle.

Officer Lucio spotted appellant riding a blue bicycle and noticed that he matched the description of a suspect wanted in a burglary. Appellant saw Lucio's patrol car and disappeared into an adjacent alley where he left the bicycle. Lucio said appellant was gone from sight a sufficient time to have disposed of any stolen items within his pockets. Lucio apprehended appellant outside a residence near the alley. He then transported appellant to the scene of the reported burglary.

Espinoza interrogated appellant who protested his innocence but affirmed that he had been near Ferris' apartment earlier that day and had spoken to Mrs. Hogan. Appellant did not have any of Ferris' be-

longings on his person. Appellant insisted that a person named Spider had broken into Ferris' apartment and stolen her belongings. Appellant led Espinoza to the rear window of Ferris' apartment and told him that a videotape recorder and other items were contained in a green garbage sack just inside the apartment window. Ferris identified the items inside the sack as her property. Later, appellant voluntarily led Espinoza to several different locations to recover some of Ferris' jewelry and other personal items. A gold chain was found lying next to a sidewalk and the remainder of the items were in a nearby alley. Ms. Ferris identified the items as those taken from her residence without her consent. Although appellant insisted that Spider had deposited these items in their various locations, he did not indicate where Espinoza could locate Spider. Spider was never positively identified. Ferris testified that she did not give anyone permission to enter the apartment on the date of the offense.

■ Mere presence of an accused at the scene of an offense is not alone sufficient to support a conviction; however, it is a circumstance tending to prove guilt which, combined with other facts, may suffice to show that the accused was a participant. *Thomas v. State*, 645 S.W.2d 798, 800 (Tex. Crim.App.1983); *Johnson v. State*, 537 S.W.2d 16, 18 (Tex.Crim.App.1976).

■ It is undisputed that someone removed the window screen from the rear of Ferris' apartment and searched for something, causing the apartment to be in disarray. The burglar entered and exited the apartment through the rear window. Some of Ferris' belongings were left in a garbage bag near the rear window while smaller, more portable items were taken.

Appellant, a person whom neither Ferris nor Hogan knew, was seen knocking on Ferris' door the morning of the burglary. He asked whether Ferris was home and whether she had a husband. Appellant fled and attempted to hide when Officer Lucio drove by in his patrol car. When apprehended, appellant knew of and located the garbage bag where Ferris' videotape recorder and other items had been placed.

Furthermore, appellant knew the exact contents of the bag and led the police to the locations where some of Ferris' jewelry and possessions had been discarded. Officer Espinoza testified that appellant never sufficiently identified the man named Spider for the police to make an effort to locate and apprehend him.

Each of the foregoing circumstances is of slight probative value, but when considered all together (especially appellant's knowledge of the location and identity of the stolen items) we find them sufficient to support the conviction.

We find that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Navejar v. State*, 730 S.W.2d 121, 122–24 (Tex.App.—Corpus Christi 1987, pet. ref'd). The judgment of the trial court is AFFIRMED.