Alfonso SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–89–430–CR, 13–89–431–CR.

Court of Appeals of Texas,
Corpus Christi.

April 5, 1990.

Manuel M. Vela, Harlingen, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

Appellant, Alfonso Sanchez, waived trial by jury and pleaded guilty to the offenses of aggravated kidnapping and aggravated robbery. *See* Tex. Penal Code Ann. § 20.04 (Vernon 1989); Tex. Penal Code Ann. § 29.03 (Vernon Supp.1990). The record reflects that appellant judicially con-

fessed his guilt to both alleged offenses after receiving the court's admonishment regarding the consequences of his plea pursuant to Tex.Code Crim.Proc.Ann. art. 26.-13 (Vernon 1989). The trial court assessed punishment for each offense at 25 years confinement in the Texas Department of Corrections. The sentences were to run concurrently. By one point of error, appellant alleges that the evidence was insufficient to support both judgments. We affirm the judgments of the trial court.

The record reflects that appellant and a male accomplice approached Yolanda Gavito, the victim, as she entered her automobile in a Brownsville, Texas department store parking lot. Appellant pointed a gun at Gavito and demanded money. Appellant took Gavito's cash, then forced her to go with both men as appellant drove the car around the city. Appellant subsequently freed Gavito after stealing her jewelry. The victim described appellant and his accomplice in her police statement. She subsequently identified appellant and his accomplice as her abductors from two police photograph line-ups.

Both appellant and his accomplice made voluntary inculpatory statements to the police regarding the offenses against Gavito. The trial court admitted into evidence the statements made by appellant, the accomplice and the victim, Gavito. In addition, the trial court accepted appellant's plea of guilty.

Appellant's court-appointed counsel filed a brief in which he concludes that this appeal is wholly frivolous and without merit. Our review of the transcript indicates that no fundamental error was committed. Counsel delivered to appellant a copy of counsel's brief accompanied by a letter advising appellant of his right to file a *pro se* brief. No *pro se* brief has been filed. Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by advancing a contention which counsel believes might arguably support this appeal. *See Gainous v. State*, 436 S.W.2d 137 (Tex. Crim.App.1969).

When reviewing the sufficiency of the evidence, the appellate court must look at all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Esquivel v. State*, 506 S.W.2d 613, 615 (Tex. Crim.App.1974); *Nieto v. State*, 767 S.W.2d 905, 908 (Tex.App.—Corpus Christi 1989, no pet.). The inculpatory statements made by and against appellant and his judicial confessions are sufficient evidence that appellant committed the alleged offenses. We find nothing in the record which might arguably support a different result in this appeal. The judgments of the trial court are AFFIRMED.